20793

INSURANCE FINANCIAL SERVICES AGENCY, INC., Respondent, v. GRAIN DEALERS MUTUAL INSURANCE COMPANY, Appellant.

(248 S. E. (2d) 485)

*Nelson, Mullins, Grier & Scarborough*, Columbia, *for appellant.*

*Ratchford & Cooper*, Columbia, *for respondent.*

October 25, 1978.

LITTLEJOHN, Justice:

The trial court granted a motion of plaintiff, Insurance Financial Services Agency, Inc. (Agency), for a temporary injunction to restrain defendant, Grain Dealers Mutual Insurance Company (Insurance Company), from canceling or terminating its contract to issue insurance policies written by the Agency. The Insurance Company has appealed.

The complaint alleges that the Agency entered into an agency agreement with the Insurance Company on July 30, 1974, whereby the Agency would write various types of insurance for the Insurance Company. It alleges that since entering into the agreement, the Agency has written a great volume of automobile insurance for the Insurance Company

in accordance with its statutory duty of nondiscriminatory coverage, as provided by § 37-591.48(2), Code of Laws of South Carolina (1962), *as amended* (now § 38-37-940(2) of the 1976 Code). The complaint further alleges that on August 30, 1976, the Insurance Company notified the Agency that the agreement would be terminated.

It is the contention of the Agency that the Insurance Company is denied the right to cancel the agreement by reason of § 38-37-940(2) of the Code, *as amended on* July 9, 1974, which reads as follows:

"(2) No insurer of automobile insurance shall cancel its representation by an agent primarily because of the volume of automobile insurance placed with it by the agent on account of the statutory mandate of coverage nor because of the amount of the agent's automobile insurance business which the insurer has deemed it necessary to reinsure in the Facility."

We held in *G-H Ins. Agency, Inc. v. Travelers Ins. Co.*, S. C., 241 S. E. (2d) 534 (1978), that a cause of action arises in favor of a local agent whose contract is improperly cancelled contrary to this Code section. While the writer of this opinion is still of the view (as indicated by dissent) that no cause of action was created by the statute, a majority of the court is of a contrary opinion and, accordingly, we proceed in light of the impact of that decision.

The application for a temporary injunction enjoining the defendant ". . . from terminating the agency contracts which are in effect . . ." came to be heard before the trial judge as a result of a rule to show cause. He granted the motion, notwithstanding the fact that injunctive relief was not mentioned in either the complaint or in the prayer. There was no finding that the plaintiff's remedy at law was inadequate, for, indeed, it is obvious that an adequate remedy at law is available.

The only relief sought is as follows:

"WHEREFORE, plaintiff prays that it have judgment against the defendant in the amount of nine thousand five hundred ($9,500.00) dollars, actual and punitive damages, for the costs of this action, and for such other and further relief as this Court may deem just and proper."

The Insurance Company submits that the circuit court erred in not making necessary findings of fact to support the granting of a temporary injunction in favor of the respondent, and submits that an adequate remedy at law is available. We agree.

Having concluded that the lower court failed to make findings sufficient to warrant the granting of an injunction, and having concluded that an adequate remedy at law is available to the agency, it follows that the lower court is

Reversed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.